CUEVAS, PLAINTIFF AND RESPONDENT, *v.* CARTAGENA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in *Habeas Corpus* Proceedings to Regain the Custody of a Child.

No. 1170.—Decided July 24, 1914.

HABEAS CORPUS—PATRIA POTESTAS—CUSTODY OF MINOR.—Unless some just cause exists for depriving a father of his right of *patria potestas,* the custody of a motherless child vests in said father.

The facts are stated in the opinion.

Mr. M. M. Sama de Atero for the appellant.
Mr. Fernando B. Fornaris for the respondent.
Mr. Salvador Mestre, fiscal, and Mr. Jaime Sifre, Jr., acting fiscal, for The People.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal in *habeas corpus* proceedings. In the petition, which is properly verified, it is alleged: (1) That the plaintiff, Juan Cuevas Aboy, is the lawful father of the minor, María Luisa Cuevas y Bustamante, who was born in the city of Ponce on October 20, 1906; (2) that six months ago the plaintiff left his said child in the home of the defendant to remain there until claimed by the plaintiff, and (3) that since the expiration of that time the plaintiff has made repeated requests of the defendant that he return his said child to him, which the defendant has openly refused to do. The petition concludes with the prayer that a writ of *habeas corpus* issue in due form.

The writ was issued and served, and after the hearing, at which both parties introduced evidence, the District Court of Ponce held that the petitioner was entitled to the custody of the child. From that judgment the respondent took the present appeal.

We have considered carefully the evidence introduced and agree with the following findings of the trial court:

"That the child, María Luisa Cuevas Bustamante, is seven years of age, that she has not been adopted by the defendant or by his wife; that the plaintiff, Juan Cuevas Aboy, has the right of *patria potestas* over the said child, which right has not been taken away or suspended; that the said child is the niece of the wife of the defendant, Genoveva Bustamante de Cartagena; that it has lived with defendant and his wife since the early days of its childhood and that it is now with them where it is taken good care of, is not ill-treated and receives the same consideration as though it were the child of defendant Cartagena and his wife.

"It has also been proved that the plaintiff, Juan Cuevas Aboy, after the death of his former wife, María Luisa Bustamante, placed the child in the custody of its aunt, Genoveva de Cartagena, where it has been living continuously up to the present time; that the plaintiff, Juan Cuevas Aboy, has now bettered his position and is at present filling the position of professor of Spanish in the Mayagüez High School, and has claimed the said child on various occasions from the defendant and his wife, which demand they have denied invaria-

bly, undoubtedly due to the affection which they have for the said child; that the financial condition of the plaintiff, Juan Cuevas Aboy, is now such as to enable him to give the child the same treatment which it is at present receiving in the home of the spouses Cartagena-Bustamante.''

In view of the foregoing facts and the jurisprudence and law applicable to the case, we must conclude, as did the district court in its decision appealed from, that the father and petitioner, Juan Cuevas Aboy, is entitled to the custody of the child, María Luisa Cuevas Bustamante, and that the defendant, Genaro Cartagena, should return the said child to its said father immediately. See the decisions of this court in the cases of *Yon* v. *Gómez,* 14 P. R. R., 677; *Le Hardy* v. *Acosta,* 18 P. R. R. 438, and sections 222 *et seq.* of the Revised Civil Code, relating to *patria potestas.*

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.